UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
CIVIL DIVISION

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

        Plaintiff,

vs.

DEANDREA STEPHENS, individually
and as administrator of the ESTATE
OF EDWARD STEPHENS; DEONTE
STEPHENS; EDWARD STEPHENS,
SR.; and DONNY BROWNING,

        Defendants.

CASE NO.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Allstate Property and Casualty Insurance Company ("Allstate"), through its undersigned counsel, files its complaint for declaratory judgment against Defendants DeAndrea Stephens, individually and as administrator for the Estate of Edward Stephens (the "Estate"), Deonte Stephens, Edward Stephens, Sr., and Donny Browning ("Browning"), and states:

## THE PARTIES

1. At all times material hereto, Plaintiff, Allstate, was and is incorporated in the state of Illinois with its principal place of business in Northbrook, Illinois. Therefore, Allstate is a citizen of Illinois and not a citizen of Georgia within the meaning of 28 U.S.C. § 1332(c).

Case No:

2. At all times material hereto, Defendant, DeAndrea Stephens, is and was a citizen of Clayton or Fulton County in the state of Georgia. Therefore, DeAndrea Stephens is not a citizen of Illinois.

3. At all times material hereto, Edward Stephens ("Decedent"), for whom Defendant DeAndrea Stephens serves as administrator of his Estate, was a citizen of Fulton County in the state of Georgia. Therefore, Decedent was not a citizen of Illinois.

4. At all times material hereto, Defendant, Deonte Stephens, is and was a citizen of Clayton County in the state of Georgia. Therefore, Deonte Stephens is not a citizen of Illinois.

5. At all times material hereto, Defendant, Edward Stephens, Sr. was a citizen of Erie County in the state of New York. Therefore, Edward Stephens, Sr. is not a citizen of Illinois.

6. At all times material hereto, Defendant, Browning, is and was a citizen of Fulton County in the state of Georgia. Therefore, Browning is not a citizen of Illinois.

7. Because Allstate is a citizen of Illinois, and DeAndrea Stephens, Deonte Stephens, Edward Stephens, Sr., Decedent, and Browning are not and/or were not citizens of Illinois, there is complete and diverse citizenship of the parties.

Case No:

## JURISDICTION, AND VENUE

8. This is an action for declaratory judgment and other relief under 28 U.S.C §§ 2201 and 2202.

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) based upon complete diverse citizenship of the parties and the provisions of the Federal Declaratory Judgment Act to declare the rights and obligations of the parties under an insurance policy.

10. There is complete diversity of citizenship between the parties, as Allstate is a citizen of Illinois, and none of the Defendants are citizens of Illinois.

11. The amount in controversy exceeds this Court's minimum jurisdictional amount of $75,000, exclusive of interest, costs, and attorneys' fees. As discussed more fully below, Defendants DeAndrea Stephens, individually and as Administrator of the Estate of Edward Stephens, Deonte Stephens, and Edwards Stephens, Sr. (the "Underlying Claimants") have made repeated demands to Allstate far in excess of $75,000, and filed suit against Browning, Allstate's insured, in which Underlying Claimants obtained a judgment for over $27.1 million against Browning following jury trial, which Underlying Claimants seek or will seek to enforce against Allstate. This amount far exceeds the jurisdictional minimum.

Case No:

12. Accordingly, under 28 U.S.C. § 1332(a)(1), this Court has jurisdiction based on the diversity of the citizenship of the parties.

13. Venue lies proper in the Northern District of Georgia per 28 U.S.C. §§ 1391(a), 1391(b), and 1391(c) because all Defendants are (or were, with respect to the Decedent) citizens within this District and/or availed themselves to the benefits and protections of the forum. Moreover, the underlying action for damages that gives rise to this dispute is pending in the State Court of Fulton County, Georgia, which is located within this District.

14. All conditions precedent to the filing of this action have occurred or otherwise have been excused or waived.

15. Pursuant to the requirements of 28 U.S.C. § 2201 and Article III, Section 2 of the United States Constitution, a case or controversy exists and has existed between the parties since the beginning of this action, namely regarding Allstate's good faith handling of Underlying Claimants' claims against Browning in relation to the subject underlying lawsuit, such that an action for declaratory judgment is ripe and appropriate.

## **FACTUAL ALLEGATIONS**

16. Allstate issued Auto Policy No. 831612376 to Browning for the policy period of March 24, 2022 to September 24, 2022. The Policy is subject to bodily injury limits of $25,000 per person and $50,000 per accident, and

Case No:

property damage limits of $100,000 per accident (the "Policy"). The Policy is attached hereto as Exhibit "1."

17.   On March 27, 2022 at approximately 5:30 PM, Browning was operating a 2012 Buick Lacrosse northbound on the road leading out of Maddox Park in Atlanta, Georgia and came to a stop at the intersection with Donald Lee Hollowell Parkway.

18.   In attempting to turn left on Donald Lee Hollowell Parkway, Browning pulled into the intersection and observed a motorcycle operated by Decedent traveling eastbound on Donald Lee Hollowell Parkway.

19.   Decedent slammed on his brakes, struck the vehicle driven by Browning, and fell to the ground; the vehicle operated by Browning subsequently rolled over the Decedent.

20.   The Decedent was pronounced dead at the scene.

21.   Allstate was first advised of the accident and fatality on March 30, 2022 by Browning.

22.   Allstate immediately opened a claim file for the accident and began investigating liability, coverage, and damages. These measures included, among others, ordering a copy of the police report and contacting Browning to discuss the accident and potentially relevant Policy details.

Case No:

23. On April 19, 2022, Daniel Castro, an attorney purporting to represent the Decedent, issued a letter of representation to Allstate, seeking a statutory insurance disclosure pursuant to O.C.G.A. § 33-3-28.

24. On April 27, 2022, Lia Melikian of Gower Wooten & Darneille, LLC, counsel retained by Allstate to assist in the pre-suit settlement of Decedent's claims, issued a letter to Decedent's counsel which advised that Allstate "tenders their liability policy limits of $25,000 to your client the Estate and lawful heirs of Edward Stephens pursuant to a Limited Liability Release." The letter was accompanied by a copy of the Policy's Declarations page.

25. On May 31, 2022, Ms. Melikian sent another letter to Decedent's counsel following no response to prior communications on April 27, 2022 and May 12, 2022, advising that Allstate "continues to tender their liability policy limits of $25,000 to your client the Estate and lawful heirs of Edward Stephens pursuant to a Limited Liability Release."

26. This letter was accompanied by a copy of the Declarations page and an executed sworn affidavit of Browning, dated April 28, 2022, reflecting that he had no other coverage available beyond the Policy issued by Allstate. The May 31, 2022 correspondence package is attached as Exhibit "2."

27. Ms. Melikian and Allstate continued to follow up with Decedent's counsel following further unresponsiveness, including on June 20, 2022, July 7, 2022, July 25, 2022, August 17, 2022, August 30, 2022, October 11, 2022,

Case No:

and December 5, 2022, advising that Allstate continued to tender the applicable limits of $25,000.

28. On January 17, 2023, Mr. Castro, counsel for Underlying Claimants, issued a seven-page, single-spaced demand to Allstate offering to settle the enumerated Defendants' claims in exchange for the applicable Policy limits, subject to various terms and conditions (the "Demand"). The Demand is attached hereto as Exhibit "3."

29. According to the Demand, Allstate's prior policy limits offers "included terms and conditions that were not acceptable" to Underlying Claimants—though no specific term or condition was identified.

30. Among other things, the Demand requested payment of the $25,000 policy limits and for Browning to execute an affidavit of no other insurance in exchange for a limited liability release from the Underlying Claimants—essentially what Allstate proposed to Mr. Castro months earlier.

31. Allstate received the Demand on January 23, 2023.

32. After receiving the Demand, Allstate advised Browning of the Demand, his personal excess exposure, the potential for an uninsured motorist subrogation claim, and of the need for Browning to execute an affidavit of no other insurance coverage.

33. Just as it had done since April 2022, after receiving the Demand, Allstate, in good faith, sought to effectuate a settlement of the Underlying

Case No:

Claimants' claims in an attempt to protect Browning from potential excess exposure.

34.　As such, on February 22, 2023, and within the 30-day period in which Allstate could accept the Demand, Russell Davis of Downey & Cleveland LLP, counsel retained by Allstate after Ms. Melikian's firm withdrew from the matter, sent a letter to Mr. Castro representing that Allstate accepted the Demand "in its entirety, and Allstate will fully perform each of the acts required for acceptance of the offer exactly as stated, specified, and required in the offer." The February 22, 2023 letter is attached as Exhibit "4."

35.　On March 1, 2023, Mr. Davis sent a letter to Mr. Castro enclosing the following items: a check in the amount of $25,000, a limited liability release, an insurance coverage affidavit executed by Allstate, and an affidavit of no other insurance executed by Browning. The March 1, 2023 correspondence package is attached as Exhibit "5."

36.　Between March 21, 2023 and April 5, 2023, Mr. Davis sent follow up emails to Mr. Castro requesting an update on the settlement status.

37.　On April 5, 2023, Mr. Castro responded to Mr. Davis' emails, advising that Allstate's response to the Demand was not identical to the Demand's terms, and accordingly, there was no settlement. Mr. Castro added that to the extent Allstate's response could be viewed as a counteroffer, the

Case No:

Underlying Claimants reject it. Mr. Castro further advised that he was retaining co-counsel to assist with next steps.

38. On April 6, 2023, Mr. Davis requested Mr. Castro to reconsider the stance on settlement or at least clarify the ways in which the Demand was not accepted. Later, on April 6, 2023, Allstate advised Browning to be on notice for a potential lawsuit against him in connection with the subject accident.

39. On May 1, 2023, Mr. Davis wrote a letter to Underlying Claimants' new counsel, Ben Brodhead, continuing to request an explanation as to why Underlying Claimants contend that Allstate did not accept the Demand nor reach a settlement with them. The May 1, 2023 letter is attached as Exhibit "6." No response was provided.

40. After maintaining that the Demand was not met, Underlying Claimants no longer expressed to Allstate any willingness to resolve their claims against Browning for the $25,000 policy limits. Thereafter, neither Allstate nor Browning have been presented with settlement offers for amounts within the policy limits.

41. On November 29, 2023, the Underlying Claimants filed a lawsuit against Browning in the State Court of Fulton County, Georgia, Case No. 23-EV-007601 (the "Underlying Lawsuit").

42. In December 2023, Allstate spoke with Browning to discuss the Underlying Lawsuit, and its appointment of defense counsel to represent him

in that action. Eventually, the law firm of Waldon Adelman Castilla McNamara & Prout were retained to defend Browning.

43. To date, the parties have not reached a resolution of the Underlying Claimants' claims.

44. The Underlying Lawsuit proceeded to trial. On June 10, 2025, the matter was presented to the jury, who later returned a verdict in favor of the Underlying Claimants for $24.5 million on June 11, 2025. A copy of the Underlying Lawsuit's Verdict is attached as Exhibit "7."

45. On June 12, 2025, a Judgment was entered in favor of the Underlying Claimants in the amount of $27,171,780.82. A copy of the Underlying Lawsuit's Judgment is attached as Exhibit "8."

46. It is Allstate's understanding that Underlying Claimants and/or Browning will enforce the entire Judgment against Allstate.

47. In light of the Judgment in the Underlying Lawsuit, Allstate is now faced with real and imminent risk of substantial harm that it will be forced to pay more than its $25,000 policy limits in satisfaction of Underlying Claimants' claims against Browning.

48. However, at all times material hereto, Allstate appropriately advised Browning of settlement opportunities, advised Browning of the probable outcome of the litigation, warned Browning of the possibility of an

Case No:

excess judgment where appropriate, and advised Browning of any steps he could take to avoid an excess judgment.

49.  Moreover, at all times material hereto, Allstate appropriately investigated the facts based on materials available to it, gave fair consideration to settlement offers within the available policy limits, reasonably considered the interests of Browning, and it attempted to settle where a reasonably prudent insurer faced with the prospect of paying the total recovery would do so.

**COUNT I – DECLARATORY RELIEF AGAINST ALL DEFENDANTS**

50.  Allstate incorporates paragraphs 1 through 49 above as if fully stated herein.

51.  Allstate seeks a declaration that it properly and fully discharged its obligations of good faith in the handling of the subject claim for benefits against Browning, including the handling of settlement negotiations for the policy limits.

52.  Allstate seeks a declaration that it is without liability to Defendants DeAndrea Stephens, Individually and as Administrator of the Estate of Edward Stephens, Deonte Stephens, Edward Stephens, Sr., and/or Donny Browning, for any amount in excess of the applicable policy limits.

53.  There is a bona fide, present, and practical need for the declaration.

Case No:

54. The declaration pertains to a present, ascertainable set of facts and controversy among the parties.

55. Allstate's rights and obligations in connection with the Policy are dependent upon the present, ascertainable facts and law, as well as the Court's application thereof to the Policy and such facts.

56. Defendants have a present, antagonistic interest to Allstate under the Policy and subject matters of this action.

57. The relief sought by Allstate is not merely for the purpose of obtaining an advisory opinion from the Court.

**WHEREFORE,** Allstate Property and Casualty Insurance Company respectfully requests this Court :

1. Take jurisdiction and adjudicate the rights of the parties;

2. Declare that Allstate properly discharged its obligations of good faith in the evaluation of any and all claims stemming from or relating to the subject accident;

3. Declare that Allstate is without liability to DeAndrea Stephens, Individually and as Administrator of the Estate of Edward Stephens, Deonte Stephens, Edward Stephens, Sr., and/or Donny Browning for any amount in excess of the applicable per accident bodily injury limit;

4. Declare that DeAndrea Stephens, Individually and as Administrator of the Estate of Edward Stephens, Deonte Stephens, Edward Stephens, Sr., and/or Donny Browning take nothing by this action;

Case No:

5. Award costs in Allstate's favor; and

6. All further relief as this Court deems just and appropriate.

Date:    June 12, 2025

        Respectfully Submitted,

        HINSHAW & CULBERTSON LLP

        s/ *Rory Eric Jurman*

        Rory Eric Jurman
        Georgia Bar No.: 162639
        rjurman@hinshawlaw.com
        201 East Las Olas Boulevard
        Suite 1450
        Ft. Lauderdale, FL 33301
        Telephone: 954-467-7900
        Facsimile: 954-467-1024
        Secondary: vharris@hinshawlaw.com
        *Attorneys for Allstate Property and Casualty Insurance Company*