# CASTRO LAW

### Daniel F. Castro
### Attorney at Law

5 Concourse Parkway
Suite 2225
Atlanta, GA 30328

(tel)- 770.222.4336
(fax)- 770.985.6166

January 17, 2023

**Via Certified U.S. Mail**
**Return Receipt Requested**
**Receipt Number: 7020 1290 0000 8514 4881**

Ms. Tiffany Davis
Allstate Property and Casualty Insurance Company
P.O. Box 660636
Dallas, TX 75266

RE:   Our Client:   DeAndrea Lafay Stephens, Individually and as Administrator of the
                            Estate of Edward Stephens; Deonte Stephens; and Edward Stephens, Sr.
        Your Insured:  Donny Browning
        Claim No.:     0664191756
        Date of Loss:  3/27/22

Dear Ms. Davis:

## I.      FOR THE PURPOSES OF SETTLEMENT AND COMPROMISE ONLY[1]

This offer of compromise is sent to you in your role as the representative acting on behalf of Allstate Property and Casualty Insurance Company ("Allstate"). Pursuant to O.C.G.A. § 24-4-408, statements made with a view toward compromise are inadmissible at trial. This entire letter and all of the exhibits attached are submitted with a view toward compromise of this claim. If you do not agree that this offer of compromise is inadmissible during litigation of this matter, please stop reading and immediately destroy this letter and its attachments.

## II.     FACTS, PARTIES, AND EVIDENCE

On March 27, 2022, Donny Browning crashed into Edward Stephens and then ran over him, causing fatal injuries to Mr. Stephens. (Police report and death certificate are attached). DeAndrea Lafay Stephens is the surviving daughter and Administrator of the Estate of Edward Stephens (Letters of Administration attached), and Deonte Stephens, and Edward Stephens, Sr. are Mr. Stephens' surviving sons. DeAndrea Lafay Stephens, Estate of Edward Stephens, Deonte Stephens, and Edward Stephens, Sr. are referred to as "Claimants" collectively. Since this offer includes the police report, the death certificate, and Letters of Administration, Allstate is in possession of documents sufficient to evaluate this claim. Liability is clear, and the value of this case exceeds all available insurance. Allstate has already offered its policy limits; however, Allstate's offer included terms and conditions that were not acceptable to the Claimants. The Claimants respectfully decline Allstate's offer and issue the below offer of compromise.

---

[1] The headings and subheadings are provided for convenience and ease of reference and do not form a part of this offer, do not define this offer, and do not expand or limit this offer.

Ms. Tiffany Davis
January 17, 2023
Page 2

## III.    OFFER OF COMPROMISE

The Claimants hereby offer to compromise their wrongful death claim and the claim of the Estate of Edward Stephens relating to the injuries and death of Edward Stephens pursuant to the terms and conditions stated, specified, and required in this offer of compromise ("Offer"). As an act necessary to accept this Offer, Allstate is required to accept each term and condition of this Offer in its entirety in writing exactly as stated, specified, and required and to perform each act required for acceptance of this Offer exactly as stated, specified, and required.

A.    Terms, Conditions, and Acts Required for Acceptance

As an act necessary to accept this Offer, it is stated, specified, and required that Allstate must provide written acceptance of each term and condition of this Offer in its entirety in writing within 31 days from Allstate's receipt of this Offer and that Allstate's written acceptance must be received at the office of Castro Law, P.C., 5 Concourse Parkway, Suite 2225, Atlanta, GA 30328 or by facsimile at (770) 985-6166 or by email at dan@castrolaw.com. To avoid any possible dispute regarding the scope and applicability of O.C.G.A. § 9-11-67.1 to this Offer[2], as part of the consideration required from Allstate and **as an act necessary to accept this Offer**, it is stated, specified, and required for Allstate to include in its written acceptance that: **"Allstate agrees that any inconsistencies between DeAndrea Lafay Stephens, Deonte Stephens, and Edward Stephens, Sr.'s Offer and O.C.G.A. § 9-11-67.1 do not invalidate DeAndrea Lafay Stephens, Deonte Stephens, and Edward Stephens, Sr.'s Offer and that the terms, conditions, and acts required by DeAndrea Lafay Stephens, Deonte Stephens, and Edward Stephens, Sr.'s Offer are controlled by DeAndrea Lafay Stephens, Deonte Stephens, and Edward Stephens, Sr.'s Offer and not by O.C.G.A. § 9-11-67.1."[3]** As an act necessary to accept this Offer, Allstate is required to pay the amount of $25,000.00, which is the bodily injury liability insurance coverage limit that Donny Browning has with Allstate, unless any additional bodily injury liability insurance with Allstate is available to Donny Browning and applicable to this loss, in which case the amount is automatically adjusted to the full amount of all bodily injury liability insurance with Allstate available to Donny Browning that is applicable to this loss. "Donny Browning" is the party Claimants will release pursuant to a limited release as described in this Offer. As an act necessary to accept this Offer, it is stated, specified, and required for a "Limited Release" to be provided by Allstate. Specifically, the release must not release any claims or parties or prevent recovery from any insurance other than as stated, specified, and required in this Offer. The itemization of what the Claimants are offering to provide to Donny Browning in the release provided by Allstate is stated, specified, and required to be: "to release

---

[2] Please be aware that, although this letter is consistent with O.C.G.A. § 9-11-67.1 (2013), that statute was repealed on July 1, 2021, and there is no requirement to comply with O.C.G.A. § 9-11-67.1 (2013) or O.C.G.A. § 9-11-67.1 (2021) at this time.

[3] The Claimants have included this requirement solely to ensure that Allstate does not attempt to prevent a resolution of this matter, justify a rejection of this Offer, or later attempt to rescind a binding resolution of this matter by claiming there is some technicality about O.C.G.A. § 9-11-67.1 that somehow makes it applicable to this Offer, prevents contract formation, justifies a rejection of this Offer, and/or allows for contract rescission. This Offer provides Allstate with a reasonable opportunity to provide its insured with the most protection possible under the circumstances of this case, and this Offer would be accepted by a reasonable insurance company. Allstate is obligated to protect Donny Browning by compromising this claim. Allstate's failure to accept this Offer will cause Donny Browning to lose his assets and wages.

Ms. Tiffany Davis
January 17, 2023
Page 3

Donny Browning from the claims of DeAndrea Lafay Stephens, Deonte Stephens, and Edward Stephens, Sr. for the wrongful death of Edward Stephens and to release Donny Browning from the claims of DeAndrea Lafay Stephens as the Administrator of the Estate of Edward Stephens from the claims of the Estate of Edward Stephens for the pain and suffering and funeral, medical, and other necessary expenses resulting from the injury and death of Edward Stephens except to the extent that other insurance is available that covers any claims for the injuries and/or death of Edward Stephens." The claims to be released pursuant to the limited release and pursuant to this Offer are stated, specified, and required to be: "to release Donny Browning from the claims of DeAndrea Lafay Stephens, Deonte Stephens, and Edward Stephens, Sr. for the wrongful death of Edward Stephens and to release Donny Browning from the claims of DeAndrea Lafay Stephens as the Administrator of the Estate of Edward Stephens from the claims of the Estate of Edward Stephens for the pain and suffering and funeral, medical, and other necessary expenses resulting from the injury and death of Edward Stephens except to the extent that other insurance is available that covers any claims for the injuries and/or death of Edward Stephens." As an act necessary to accept this Offer, it is stated, specified, and required that all documents and correspondence that are addressed to and physically delivered to Castro Law, P.C. relating in any way to this Offer, including payment if made in any form other than electronic payment[4], must be addressed and delivered to the following location:

> Castro Law, P.C.
> 5 Concourse Parkway
> Suite 2225
> Atlanta, Georgia 30328

If payment is made in a form that requires a payee, then, as an act necessary to accept this Offer, payment is stated, specified, and required to be made to: "DeAndrea Lafay Stephens, Deonte Stephens, Edward Stephens, Sr., Estate of Edward Stephens, and Castro Law, P.C.". As an act required to accept this Offer, payment must be received 42 days after Allstate's receipt of this Offer. If the payment is of a type that requires a signature to be valid, then, as an act necessary to accept this Offer, the payment is required to be signed with an authorized signature and to include only the elements and details necessary to make the specific form of payment valid. As an act necessary to accept this Offer, the release delivered by Allstate must only be delivered together with Allstate's payment unless Allstate pays by electronic payment, in which case the limited release must be delivered the same day payment is sent, and sending the release at any time other than stated in this Offer will be a rejection of this Offer. As an act required to accept this Offer and as consideration for the limited release, Allstate must provide a statement, under oath, stating that all liability and casualty insurance issued by Allstate that provides coverage or that may provide coverage for the claim at issue has been disclosed to DeAndrea Lafay Stephens, Deonte Stephens, and Edward Stephens, Sr. ("insurance statement"), and the insurance statement must only be received by this firm together with the limited release as a condition of acceptance of this Offer. As an act required to accept this Offer and as consideration for the limited release, Donny Browning must provide a sworn and notarized statement that there is no other insurance coverage available to him that could pertain to this loss (hereafter "statement of no other insurance"), and the statement of no other insurance must only be received by this firm together with the limited release as a condition of

---

[4] If Allstate chooses to pay by electronic payment, please contact the undersigned as provided in this Offer for electronic transfer instructions.

Ms. Tiffany Davis
January 17, 2023
Page 4

acceptance of this Offer. For your convenience, we have provided a statement of no other insurance for Donny Browning. The Tax I.D. for Castro Law, P.C. is 57-1207736. Our firm's W-9 is attached.

B.    Governing Law, Definitions, Requirements, Limitations, and Qualifications

This Offer identifies the specific requirements of O.C.G.A. § 9-11-67.1 in order to show the requirements of this Offer that are consistent with O.C.G.A. § 9-11-67.1(2013) and/or O.C.G.A. § 9-11-67.1(2021) and to show that this Offer gives Allstate a reasonable opportunity to protect its insured by accepting the specific terms and conditions of this Offer in their entirety. This Offer specifically references O.C.G.A. § 9-11-67.1 as identified in O.C.G.A. § 9-11-67.1(e). This Offer is sent via Certified U.S. Mail, Return Receipt Requested, as identified in O.C.G.A. § 9-11-67.1(e), in order to have proof of Allstate's receipt of this Offer and proof of the date of receipt.[5] This Offer references each of the terms identified in O.C.G.A. § 9-11-67.1(a)(1)(2021) and includes terms consistent with O.C.G.A. § 9-11-67.1(a)(1)(2021). This Offer gives Allstate a reasonable opportunity to consider and respond to and accept each term and condition of this Offer in its entirety. This Offer includes sufficient records for the subject claims to be evaluated as identified in O.C.G.A. § 9-11-67.1(a)(2)(2021). This Offer involves a personal injury or wrongful death that occurred on or after July 1, 2021, as identified in O.C.G.A. § 9-11-67.1(h)(2021). This Offer provides an address, a facsimile number, and an email address for communications as identified in O.C.G.A. § 9-11-67.1(e)(2021). *As identified in O.C.G.A. § 9-11-67.1(c), the parties are not prohibited from reaching a settlement agreement in any manner and under any terms agreeable to the parties.* This Offer provides deadlines and dates for performance that exceed the minimum time required under O.C.G.A. § 9-11-67.1(a) and O.C.G.A. § 9-11-67.1(g). In order to accept this Offer, Allstate must provide written acceptance of each term and condition stated in this Offer in its entirety, and Allstate must fully perform each of the acts required for acceptance of this Offer exactly as stated, specified, and required in this Offer. Nothing in O.C.G.A. § 9-11-67.1 is intended to prohibit the parties from reaching a settlement agreement in a manner and under terms otherwise agreeable to both parties as identified in O.C.G.A. § 9-11-67.1(c).

Each and every term, condition, and act required for acceptance and each act and/or failure to act that constitutes a rejection of this Offer is material and important to DeAndrea Lafay Stephens, Deonte Stephens, and Edward Stephens, Sr. A request for *reasonable* clarification[6] shall not be deemed

---

[5] Under the terms of this Offer, the date of Allstate's receipt shall be conclusively established by the date of receipt on the "green card" and/or the online tracking information maintained by the United States Postal Service ("USPS"). If there is a conflict between the dates on the "green card" and the online information, the earliest possible date of receipt shall conclusively establish the date of Allstate's receipt for the purposes of this Offer. If only one source for the date is available (i.e., either the "green card" or the online tracking information maintained by the USPS), that one source shall conclusively establish the date of Allstate's receipt of this Offer.

[6] We have gone to great lengths to provide all details and information necessary for Allstate to evaluate and accept this Offer. If you believe that clarification is needed, we respectfully ask that you reread this Offer because we expect that any information that reasonably could be needed is included in this Offer. If Allstate requests clarification of an issue that can be clarified entirely by referring to this Offer, the request would not be reasonable and would constitute a rejection of this Offer. If Allstate requests, attempts, suggests, or offers to change the stated, specified, and required terms, conditions, or acts required for acceptance of this Offer, even if such request, attempt, suggestion, or offer is disguised as a request for clarification, the request,

Ms. Tiffany Davis
January 17, 2023
Page 5

a counteroffer as identified in O.C.G.A. § 9-11-67.1(d)[7]. Payment pursuant to this Offer may be in any form defined under O.C.G.A. § 9-11-67.1(f). A request for *reasonable* clarification as defined in this Offer shall be in writing as identified in O.C.G.A. § 9-11-67.1(d) and shall not be deemed a counteroffer. As identified in O.C.G.A. § 9-11-67.1(d)(2021), a release provided by Allstate in response to this Offer that does not comply with this Offer shall not be deemed a counteroffer and will not create any opportunity for acceptance of alternative terms by the Claimants. As defined in O.C.G.A. § 9-11-67.1(a)(2021) and O.C.G.A. § 9-11-1, no answer has been filed and no civil action has been commenced regarding this claim, and, based on the provisions of O.C.G.A. § 9-11-67.1(a)(2021) and O.C.G.A. § 9-11-1, this Offer is made pursuant to and governed by common law and provides an opportunity for contract formation as identified in O.C.G.A. § 9-11-67.1(c). As an act necessary to accept this Offer, Allstate must draft and deliver a written acceptance that complies with the requirements of this Offer exactly as they are stated, specified, and required in this Offer, and any variance between the language of the written acceptance and the requirements of this Offer exactly as they are stated, specified, and required in this Offer, even if minor or accidental, will constitute a rejection of this Offer. As an act necessary to accept this Offer, Allstate must draft and deliver a limited release that complies with the requirements of this Offer exactly as they are stated, specified, and required in this Offer, and any variance between the language of the limited release and the requirements of this Offer exactly as they are stated, specified, and required in this Offer, even if minor or accidental, will constitute a rejection of this Offer. If the release delivered by Allstate indicates directly, indirectly, or by reference to any statute that it releases claims, individuals, or entities other than as stated, specified, and required herein, it will be a rejection of this Offer. This firm will not revise or rewrite the release or strike through non-complying parts of the release to make it comply with this Offer. Offering Claimants or this firm an opportunity to make changes to the release sent by Allstate will be a rejection of this Offer. The inclusion in the limited release of any conditions, provisions, representations, understandings, acknowledgments, admissions, restrictions, requirements, descriptions, agreements, terms, blanks to be filled in other than signature lines, or a signature line for anyone for any purpose that is not offered in this Offer will be a rejection of this Offer. The release may include signature lines for: "DeAndrea Lafay Stephens, Individually and as the Administrator of the Estate of Edward Stephens"; "Deonte Stephens"; and "Edward Stephens, Sr." If it so chooses, Allstate may include the following in the release: "DeAndrea Lafay Stephens, Deonte Stephens, Edward Stephens, Sr., and the Estate of Edward Stephens acknowledge notice in writing of lack of consent of Donny Browning to this compromise and that Donny Browning is not precluded from further assertion of claims against DeAndrea Lafay Stephens, Deonte Stephens, Edward Stephens, Sr., and the Estate of Edward Stephens." If Allstate includes the provisions of the preceding sentence in the release it provides, the language is stated, specified, and required to be in the release as it is stated in the preceding sentence. If the release is referred to as a proposed release in any communication, it will be a rejection of this Offer. It will be a rejection of this Offer if the settlement payment or any other document sent by Allstate includes any terms, conditions, agreements,

---

attempt, suggestion, or offer would not be a request for reasonable clarification and would constitute a rejection of this Offer. Allstate must not try to disguise counteroffers as requests for clarification. Pursuant to this Offer, any requests for clarification will be judged by the substance of the request only, and, pursuant to this Offer, a counteroffer will not be converted into a request for reasonable clarification just by Allstate using language in the request that states or claims it is a request for clarification when it is actually requesting, suggesting, or offering alternative terms, conditions, and/or acts.

[7] The terms "acceptance, rejection, and counteroffer" are used in this Offer pursuant to their plain and ordinary meanings relating to contract formation and are neither synonymous nor interchangeable.

Ms. Tiffany Davis
January 17, 2023
Page 6

descriptions, expirations, requirements, instructions, references, notes, notices, directions, warnings, or restrictions that are not expressly permitted in this Offer. If there are any valid rights of any trustee, estate, medical provider, or lienholder to make claims against the proceeds of this compromise, this firm will obviously follow the law and, as required by law, take reasonable steps to resolve those claims and/or liens from the proceeds of the compromise up to the total amount of the proceeds of the compromise after the deduction of attorneys' fees and costs. Each and every term, condition, and requirement for acceptance of this Offer and each act and/or failure to act that constitutes a rejection of this Offer is material and based on reasons important to Claimants.

Each and every term, condition, and act required for acceptance of this Offer and each act and/or failure to act that constitutes a rejection of this Offer is governed by this Offer, and nothing in this Offer extends the application of O.C.G.A. § 9-11-67.1(2021) beyond the scope of O.C.G.A. § 9-11-1 to create obligations not required by Georgia law. Any communication from Allstate, Donny Browning, or any of their agents, employees, adjusters, or attorneys indicating in any way that Allstate does not, will not, or has not agreed in writing to allow the inclusion of terms in this Offer in addition to or at variance with the terms, conditions, or requirements identified in O.C.G.A. § 9-11-67.1(a) will be a rejection of this Offer. Any communication from Allstate, Donny Browning, or any of their agents, employees, adjusters, or attorneys indicating in any way that Allstate or Donny Browning are accepting or attempting to accept fewer than all of the terms and conditions of this Offer will render this Offer void ab initio (i.e., it will be void from the beginning and be incapable of being accepted and forming a contract). This Offer does not provide sufficient consideration to fully compensate Claimants, and this Offer does not represent a satisfaction of their claims. Allstate must not include any language in the release indicating in any way that its payment of policy limits provides full compensation, full satisfaction, or sufficient consideration for any purpose. Any direct or indirect denial of fault or any reference to the collision as an accident in the limited release or any documents or payments sent by Allstate will be a rejection of this Offer. If Allstate includes any language in the release indicating in any way, directly or indirectly, that its payment of policy limits equates to full and complete compensation, satisfaction of claims, and/or sufficient consideration for any purpose, it will constitute a rejection of this Offer. It will be a rejection of this Offer if the limited release includes any language that directly or indirectly conflicts with, invalidates, or potentially invalidates the insurance statement or the statement of no other insurance or if the language of the limited release does not include the insurance statement and the statement of no other insurance as part of the consideration for the limited release. If Allstate, Donny Browning, or any of their agents, employees, adjusters, or attorneys communicate with this firm in any form other than writing relating in any way to this Offer, the subject collision, and/or any person identified in this Offer, it will be a rejection of this Offer. The limited release must not include any specific venue provisions, jurisdiction provisions, arbitration provisions, choice of law provisions, or any alteration of the standard six-year period of limitations of actions for written contracts. If the limited release directly, indirectly, or by reference to any statute or seal indicates, offers, or suggests that any venue provisions, jurisdiction provisions, arbitration provisions, or choice of law provisions are included or that the standard six-year period of limitations of actions for written contracts is altered or may be altered, it will be a rejection of this Offer. If Allstate contends that this Offer is required to comply with O.C.G.A. § 9-11-67.1 and that this Offer does not comply with O.C.G.A. § 9-11-67.1, please be aware that this Offer provides a reasonable opportunity for Allstate to provide Donny Browning with the most protection possible under the circumstances of this case from personal liability and the loss of personal assets and wages for causing the injuries and death of Edward Stephens. Specifically, O.C.G.A. § 9-11-67.1(c) and O.C.G.A. § 9-11-67.1(b)(1)(2021) allow for an offer and acceptance of an offer to be made in a manner at variance with other provisions of O.C.G.A. § 9-11-67.1 and with terms and conditions in addition to and/or at

Ms. Tiffany Davis
January 17, 2023
Page 7

variance with other provisions of O.C.G.A. § 9-11-67.1, including, but not limited to, those provisions
defined in O.C.G.A. § 9-11-67.1(a). It will be a rejection of this Offer if any communication from
Allstate, Donny Browning, or any of their agents, employees, adjusters, or attorneys: 1) claims that this
Offer is invalid; 2) attempts to both claim that this Offer is invalid and that it is accepted; or 3) questions
the validity of this Offer. Failure to comply exactly with every act required for acceptance of this Offer
will be a rejection of this Offer.

C.      Additional Considerations and Requirements

*If any part of this Offer needs clarification in order for Allstate to comply with its terms or
conditions or acts, we will be happy to offer that clarification so that Allstate has a full and fair
opportunity to comply with and accept this Offer.* Multiple cases demonstrate the hazards of attempting
to negotiate agreements without terms and conditions for acceptance being sufficiently defined, which
is why we present this Offer in writing with expressly stated terms, conditions, and definitions and also
offer clarification. We again reiterate to avoid any potential confusion that this Offer must be accepted
exactly as stated, specified, and required. Neither the written acceptance nor the release may include any
attachments or incorporation by reference of this Offer or any other documents, and any variance at all
from any terms or conditions or any acts necessary for acceptance, no matter how minor and even if
accidental, will be a rejection of this Offer.  Any variance at all from any required language, quoted
requirements, or address requirements, no matter how minor such as an extra or missing comma or
period or misspelling and even if accidental, will be a rejection of this Offer. We have done our best to
draft this offer of compromise without any typographical errors, conflicts in terms or conditions, or other
errors; however, *if you believe there is a typographical error, a conflict in the terms or conditions, or
any other error, you may contact us as stated above for clarification and/or correction so that Allstate
has a full and fair opportunity to accept this Offer and protect its insured.* Thank you for your attention
to this matter, and I look forward to an efficient resolution of this claim.

Sincerely,

Daniel F. Castro
Attorney at Law
Castro Law, P.C.


Enclosures

## AFFIDAVIT OF NO OTHER INSURANCE COVERAGE

Personally appeared before the undersigned officer, duly authorized to administer oaths, Donny Browning, who after first being duly sworn, deposes and states that the following information is true and correct.

1.

My name is Donny Browning.  I am over the age of 18 years, and I am competent to make this Affidavit.

2.

On March 27, 2022, I was operating a 2012 Buick, and I caused a collision that caused fatal injuries to Edward Stephens.  On March 27, 2022, the 2012 Buick was insured under a policy of insurance with Allstate Property and Casualty Insurance Company; policy number: 831612376, limits: $25,000.00 per person, $50,000.00 per occurrence.

3.

I did not have a personal liability umbrella insurance policy at the time of this collision.  I was not insured under any other policy of insurance at the time of this collision that could be liable to provide any coverage for this collision or for the fatal injuries suffered by Edward Stephens.  I was not performing any duties for my employer at the time of the collision, nor was I in the scope and course of my employment at the time of the collision.  I was not insured, either as a named insured or as a resident relative, under any other policy of insurance that could be liable to provide any coverage for this collision or for the fatal injuries suffered by Edward Stephens.  _____
Initial

FURTHER AFFIANT SAYETH NAUGHT.

_____
Donny Browning

Sworn to and Subscribed before me
This _____ day of _____, 2023.

_____
Notary Public

| Form **W-9**<br>(Rev. October 2018)<br>Department of the Treasury<br>Internal Revenue Service | **Request for Taxpayer**<br>**Identification Number and Certification**<br>▶ Go to *www.irs.gov/FormW9* for instructions and the latest information. | **Give Form to the**<br>**requester. Do not**<br>**send to the IRS.** |
| --- | --- | --- |

**1** Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.

Castro Law P.C

**2** Business name/disregarded entity name, if different from above

**3** Check appropriate box for federal tax classification of the person whose name is entered on line 1. Check only one of the following seven boxes.

☐ Individual/sole proprietor or single-member LLC  ☐ C Corporation  ☒ S Corporation  ☐ Partnership  ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=Partnership) ▶ _____

Note: Check the appropriate box in the line above for the tax classification of the single-member owner. Do not check LLC if the LLC is classified as a single-member LLC that is disregarded from the owner unless the owner of the LLC is another LLC that is not disregarded from the owner for U.S. federal tax purposes. Otherwise, a single-member LLC that is disregarded from the owner should check the appropriate box for the tax classification of its owner.

☐ Other (see instructions) ▶

**4** Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any) _____

Exemption from FATCA reporting code (if any) _____

*(Applies to accounts maintained outside the U.S.)*

**5** Address (number, street, and apt. or suite no.) See instructions.

5 Concorse Pkwy, Suite 2225

**6** City, state, and ZIP code

Atlanta, GA. 30328

Requester's name and address (optional)

**7** List account number(s) here (optional)

Print or type.
See Specific Instructions on page 3.

---

**Part I**    **Taxpayer Identification Number (TIN)**

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the instructions for Part I, later. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN*, later.

Note: If the account is in more than one name, see the instructions for line 1. Also see *What Name and Number To Give the Requester* for guidelines on whose number to enter.

Social security number

| | | | – | | | – | | | | |

**or**

Employer identification number

| | | | | | | | | |

---

**Part II**    **Certification**

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. citizen or other U.S. person (defined below); and
4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions for Part II, later.

| **Sign**<br>**Here** | Signature of<br>U.S. person ▶  | Date ▶ 01/24/20 |
| --- | --- | --- |

## General Instructions

Section references are to the Internal Revenue Code unless noted.

**Future developments.** For the latest information about developments related to Form W-9 and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/FormW9*.

## Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following.

• Form 1099-INT (interest earned or paid)

• Form 1099-DIV (dividends, including those from stocks or mutual funds)

• Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)

• Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)

• Form 1099-S (proceeds from real estate transactions)

• Form 1099-K (merchant card and third party network transactions)

• Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)

• Form 1099-C (canceled debt)

• Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

*If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See* What is backup withholding, *later.*

## GEORGIA DEATH CERTIFICATE

2022GA000026006

| Field | Value |
|---|---|
| DECEDENT'S LEGAL NAME (First, Middle, Last) | EDWARD STEPHENS |
| IF FEMALE, ENTER LAST NAME AT BIRTH | |
| SEX | MALE |
| ACTUAL DATE OF DEATH | 03/27/2022 |
| AGE | 54 |
| BIRTHPLACE | GEORGIA |
| RESIDENCE - STATE | GEORGIA |
| COUNTY | CLAYTON |
| CITY/TOWN | RIVERDALE |
| STREET AND NUMBER | 6519 CREEKVIEW COURT |
| ZIP CODE | 30296 |
| INSIDE CITY LIMITS | NO |
| EVER IN ARMED FORCES | YES |
| USUAL OCCUPATION | BARBER |
| KIND OF INDUSTRY OR BUSINESS | HAIR |
| MARITAL STATUS | DIVORCED |
| SURVIVING SPOUSE'S NAME | |
| FATHER'S/PARENT'S NAME | UNKNOWN UNKNOWN |
| MOTHER'S/PARENT'S NAME | ROBBIE LEE STEPHENS |
| INFORMANT'S NAME | EDWARD STEPHENS SR |
| RELATIONSHIP TO DECEDENT | SON |
| MAILING ADDRESS | 276 POTOMAC AVENUE BUFFALO NEW YORK 14213 |
| DECEDENT'S EDUCATION | SOME COLLEGE CREDIT LEADING TO AN ASSOCIATE DEGREE |
| OF HISPANIC/LATINO | NO, NOT SPANISH/HISPANIC/LATINO |
| DECEDENT'S RACE | BLACK OR AFRICAN-AMERICAN |
| PLACE OF DEATH OCCURRED KIND OF | ROADWAY |
| IF DEATH OCCURRED IN OTHER PLACE | ROADWAY |
| HOSPITAL OR OTHER INSTITUTION NAME | 1165 DONALD E. HOLLOWAY PARKWAY |
| CITY/TOWN OF LOCATION OF DEATH | ATLANTA |
| COUNTY OF DEATH | FULTON |
| METHOD OF DISPOSITION | CREMATION |
| PLACE OF DISPOSITION | RIVERDALE CREMATORY 1410 HWY 138 SW RIVERDALE GEORGIA 30296 |
| DATE OF DISPOSITION | 04/11/2022 |
| EMBALMER'S NAME | MATTHEW WALKER |
| EMBALMER LICENSE NO | 4856 |
| FUNERAL HOME NAME | DORTCH-WILLIAMSON FUNERAL AND CREMATION |
| FUNERAL HOME ADDRESS | 1410 HWY 138 RIVERDALE GEORGIA 30274 |
| SIGNATURE OF FUNERAL DIRECTOR | BETTRENA DORTCH |
| FUN DIR LICENSE NO | 4822 |
| DATE PRONOUNCED DEAD | 03/27/2022 |
| HOUR PRONOUNCED DEAD | 19:02 MILITARY |
| PRONOUNCER'S NAME | BRIAN REENTS |
| LICENSE NUMBER | 99999 |
| DATE SIGNED | 03/27/2022 |
| TIME OF DEATH | 13:02 MILITARY |
| WAS CASE REFERRED TO MEDICAL EXAMINER | YES |

| PART I | CAUSE OF DEATH | | SECONDS |
|---|---|---|---|
| IMMEDIATE CAUSE A | BLUNT TRAUMA OF THE TORSO AND EXTREMITIES | | |
| B | | | |
| C | | | |
| D | | | |

| Field | Value |
|---|---|
| WAS AUTOPSY PERFORMED? | NO |
| WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH? | |
| DID TOBACCO USE CONTRIBUTE TO DEATH | NO |
| IF FEMALE | NOT APPLICABLE |
| MANNER OF DEATH | ACCIDENT |
| DATE OF INJURY | 03/27/2022 |
| TIME OF INJURY | UNKNOWN |
| INJURY AT WORK | NO |
| PLACE OF INJURY | ROADWAY |
| LOCATION OF INJURY | 1165 DONALD E HOLLOWAY PARKWAY ATLANTA GEORGIA 30318 FULTON |
| DESCRIBE HOW INJURY OCCURRED | MOTORCYCLIST STRUCK A CAR THAT PULLED INTO THE INTERSECTION |
| CERTIFIER | /S/ MICHAEL M HENINGER MD ME 46259 |
| DATE SIGNED | 04/04/2022 |
| HOUR OF DEATH | 19:02 MILITARY |
| NAME, ADDRESS OF PERSON WHO COMPLETED CAUSE OF DEATH | MICHAEL M HENINGER  430 PRYOR STREET ATLANTA GEORGIA 30312 |
| REGISTRAR | /S/ CHRISTOPHER JP HARRISON |
| DATE FILED | 04/11/2022 |

# GEORGIA MOTOR VEHICLE CRASH REPORT

| Agency Case Number | Agency NCIC No. | | County | Date Rec. by DOT |
|---|---|---|---|---|
| 220861182 | APD0000 | GEORGIA MOTOR VEHICLE CRASH REPORT | FULTON | 3/31/2022 |

**Estimated Crash** Date 3/27/2022 Time 17:30

**Dispatch** Date 3/27/2022 Time 17:58

**Arrival** Date 3/27/2022 Time 18:20

**Total Number of** Vehicles 2 Injuries 0 Fatalities 1

**Inside City Of** Atlanta

Road of Occurence: DONALD LEE HOLLOWELL PKWY NW

From its Intersection With

Not At its Intersection But 55 — ☐Miles ☑Feet  ☐North ☑South  ☐East ☐West  Of MARIETTA BLVD NW

☑ Suppl. To Original?  ☐ Private Property?  ☐ Hit And Run?

Latitude (Y) 33.772887   Longitude (X) -84.425063

| | Unit # 1 | | | | Unit # 2 | | |
|---|---|---|---|---|---|---|---|
| Driver ☑ Ped ☐ Bike ☐ | LAST NAME BRWNING | FIRST DONNY | MIDDLE E | Driver ☑ Ped ☐ Bike ☐ | LAST NAME STEPHENS | FIRST EDWARD | MIDDLE |
| ☑ Susp At Fault | Address 2915 OLDKNOW DR NW | | | ☐ Susp At Fault | Address 6617 WATERTON AVE SW | | |

| City ATLANTA (FULTON) | State GA | Zip 30318 | DOB | City ATLANTA (FULTON) | State GA | Zip 30331 | DOB |
|---|---|---|---|---|---|---|---|

| Driver's License No | Class C | State GA | Country United States | Driver's License No | Class C | State GA | Country United States |
|---|---|---|---|---|---|---|---|

| Insurance Co. ALLSTATE | Policy No. 000000831612376 | Telephone No. | Insurance Co. GEICO | Policy No. 6002019427 | Telephone No. |
|---|---|---|---|---|---|

| Year 2012 | Make BUICK | Model LACROSSE | Year 2001 | Make KAWASAKI | Model VULCAN 1500 |
|---|---|---|---|---|---|

| VIN 1G4GASER9CF2943303 | Vehicle Color Red | VIN JKBVNAG121A933844 | Vehicle Color Black |
|---|---|---|---|

| Tag # CHM8115 | State GA | County FULTON | Year 2023 | Tag # XGC922 | State GA | County FULTON | Year 2022 |
|---|---|---|---|---|---|---|---|

| Trailer Tag # | State | County | Year | Trailer Tag # | State | County | Year |
|---|---|---|---|---|---|---|---|

| ☐ Same as Driver | Owner's Last Name BROWNING | First FRANCES | Middle R | ☑ Same as Driver | Owner's Last Name STEPHENS | First EDWARD | Middle |
|---|---|---|---|---|---|---|---|

| Address 2915 OLDKNOW DR NW | | | Address 6617 WATERTON AVE SW | | |
|---|---|---|---|---|---|

| City ATLANTA (FULTON) | State GA | Zip 30318 | City ATLANTA (FULTON) | State GA | Zip 30331 |
|---|---|---|---|---|---|

| Removed By: S&W | ☑Request ☑List | Removed By: S&W TOWING | ☑Request ☑List |
|---|---|---|---|

| Alcohol Test: No | Type: | Results: | Drug Test: No | Type: | Results: | Alcohol Test: No | Type: | Results: | Drug Test: No | Type: | Results: |
|---|---|---|---|---|---|---|---|---|---|---|---|

| First Harmful Event: Motor Vehicle in Motion | Most Harmful Event: Motor Vehicle in Motion | Operator/Ped Cond: Not Drinking | First Harmful Event: Motor Vehicle in Motion | Most Harmful Event: Motor Vehicle in Motion | Operator/Ped Cond: Not Drinking |
|---|---|---|---|---|---|

| Operator Factors: Failed to Yield | | Operator Factors: No Contributing Factors | |
|---|---|---|---|

| Vehicle Factors: No Contributing Factors | Roadway Factors: No Contributing Factors | Vehicle Factors: No Contributing Factors | Roadway Factors: No Contributing Factors |
|---|---|---|---|

| Direction of Travel: North | Vehicle Maneuver: Entering/Leaving Parking | Non-Motor Maneuver: | Direction of Travel: East | Vehicle Maneuver: Straight | Non-Motor Maneuver: |
|---|---|---|---|---|---|

| Vehicle Class: Privately Owned | Vehicle Type: Passenger Car | Vision Obscured: Not Obscured | Vehicle Class: Privately Owned | Vehicle Type: Motorcycle | Vision Obscured: Not Obscured |
|---|---|---|---|---|---|

| Number of Occupants: 1 | Area of Initial Contact: Left Side-Far Front | Damage to Vehicle: Minor Damage | Number of Occupants: 1 | Area of Initial Contact: Front End | Damage to Vehicle: Functional Damage |
|---|---|---|---|---|---|

| Traffic Way Flow: Two-Way Trafficway with a physical separation | Road Composition: Black Top | Road Character: Straight and Level | Traffic Way Flow: Two-Way Trafficway with a physical separation | Road Composition: Black Top | Road Character: Straight and Level |
|---|---|---|---|---|---|

| Number of Lanes: 4 | Posted Speed: 45 | Work Zone: None | Number of Lanes: 4 | Posted Speed: 45 | Work Zone: None |
|---|---|---|---|---|---|

| Traffic Control: Stop Sign | Device Inoperative: ☐Yes ☑No | Traffic Control: Lanes | Device Inoperative: ☐Yes ☑No |
|---|---|---|---|

**Citation Information:**
Citation # FAILURE TO YIELD — O.C.G.A. § 40-6-73
Citation # VEHICLE HOMICIDE — O.C.G.A. § 40-6-393.1C
Citation # — O.C.G.A. §

**Citation Information:**
Citation # — O.C.G.A. §
Citation # — O.C.G.A. §
Citation # — O.C.G.A. §

## COMMERCIAL MOTOR VEHICLES ONLY

| Carrier Name | | | | Carrier Name | | | |
|---|---|---|---|---|---|---|---|
| Address | City | State | Zip | Address | City | State | Zip |
| U.S. D.O.T. # | No. of Axles | G.V.W.R | | U.S. D.O.T. # | No. of Axles | G.V.W.R | |

| Cargo Body Type | Vehicle Config. | Interstate ☐ Intrastate ☐ | Fed. Reportable ☐Yes ☐No | Cargo Body Type | Vehicle Config. | Interstate ☐ Intrastate ☐ | Fed. Reportable ☐Yes ☐No |
|---|---|---|---|---|---|---|---|

| C.D.L. ? ☐Yes ☐No | C.D.L. Suspended? ☐Yes ☐No | C.D.L. ? ☐Yes ☐No | C.D.L. Suspended? ☐Yes ☐No |
|---|---|---|---|

| Vehicle Placarded? ☐Yes ☐No | Hazardous Materials? ☐Yes ☐No | Vehicle Placarded? ☐Yes ☐No | Hazardous Materials? ☐Yes ☐No |
|---|---|---|---|

| Hazmat Released? ☐Yes ☐No | Hazmat Released? ☐Yes ☐No |
|---|---|

If YES: Name or 4 Digit Number from Diamond or Box:
One Digit Number from Bottom of Diamond:

☐Ran Off Road ☐Down Hill Runaway ☐Cargo Loss or Shift ☐Separation of Units  ☐Ran Off Road ☐Down Hill Runaway ☐Cargo Loss or Shift ☐Separation of Units

GDOT-523 (07/17)

## COLLISION FIELDS

| Manner of Collision: Angle | Location at Area of Impact: On Roadway - Collector Distributor (CD) | Weather: Clear | Surface Condition: Dry | Light Condition: Daylight |
|---|---|---|---|---|

## NARRATIVE

On 03/27/2022, the Accident Investigations Unit responded to 1165 Donald Lee Hollowell Pkwy in reference to a vehicle and Motorcycle collision with one fatality. Upon arrival, the scene was secured.

The investigation shows that Drive 1, Mr. Donny Browning operating a 2012 Reb Buick Lacrosse, came from Maddox park. Driver 1 stopped at the stop sign, and when he pulled out to turn left on Donald Lee Hollowell Pkwy, he observed a motorcycle driving eastbound. Driver 1 stopped in the middle of the road. The motorcyclist slammed on the brake, lost control of the bike, and struck the vehicle. The motorcyclist, Mr. Edward Stephens, fell on the ground and the car rolled over him.
Mr. Stephens was pronounced dead on the scene. Driver 1 was arrested at the scene and charged with Vehicle Homicide 2nd degree and failure to yield after stopping.

APD Crime Scene Units photographed the scene. Fulton County M.E. Reents (Case # 22-751) responded, processed the scene, and removed the body. Next of Kin has been notified.

## DIAGRAM



## PROPERTY DAMAGE INFORMATION

| Damage Other Than Vehicle: | Owner: |
|---|---|

## WITNESS INFORMATION

| Name (Last, First) | Address | City | State | Zip Code | Telephone Number |
|---|---|---|---|---|---|

Page 3 of 3

## OCCUPANT INFORMATION

### 1

| Name (Last, First): | BRWNING, DONNY | | | | Address: | 2915 OLDKNOW DR NW  ATLANTA (FULTON), GA 30318 | | | |
|---|---|---|---|---|---|---|---|---|---|
| Age: 66 | Sex: Male | Unit # 1 | Position: Front Seat-Left Side | Safety Eq: Lap and Shoulder Belt Used | Ejected: Not Ejected | Extricated: No | Air Bag: Non-Deployed Air | Injury: No Apparent Injury (O) | Taken for Treatment: No |
| Injured Taken To: | | By: | | EMS Notified Time: | | EMS Arrival Time: | | Hospital Arrival Time: | |

### 2

| Name (Last, First): | STEPHENS, EDWARD | | | | Address: | 6617 WATERTON AVE SW  ATLANTA (FULTON), GA 30331 | | | |
|---|---|---|---|---|---|---|---|---|---|
| Age: 54 | Sex: Male | Unit # 2 | Position: Front Seat-Middle | Safety Eq: Bicycle Helmet | Ejected: Totally Ejected | Extricated: No | Air Bag: No Air Bag In This | Injury: Fatal Injury (K) | Taken for Treatment: No |
| Injured Taken To: | | By: | | EMS Notified Time: | | EMS Arrival Time: | | Hospital Arrival Time: | |

### 3

| Name (Last, First): | | | | | Address: | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Age: | Sex: | Unit # | Position: | Safety Eq: | Ejected: | Extricated: | Air Bag: | Injury: | Taken for Treatment: |
| Injured Taken To: | | By: | | EMS Notified Time: | | EMS Arrival Time: | | Hospital Arrival Time: | |

### 4

| Name (Last, First): | | | | | Address: | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Age: | Sex: | Unit # | Position: | Safety Eq: | Ejected: | Extricated: | Air Bag: | Injury: | Taken for Treatment: |
| Injured Taken To: | | By: | | EMS Notified Time: | | EMS Arrival Time: | | Hospital Arrival Time: | |

## ADMINISTRATIVE

Photos Taken: ☑ Yes ☐ No    By: CRIME SCENE & BODY CAM

*Officer Note: If collision resulted in a fatality, please send prompt notification to the GDOT Crash Reporting Unit via either email at GeorgiaFARS@dot.ga.gov or Fax at (404) 635-2963.*

| Report By: | Agency: | Report Date: | Checked By: | Date Checked: |
|---|---|---|---|---|
| Toure, Jyce (6663) | Atlanta Police Department | 04/08/2022 07:15 | Wright, Adam | 4/11/2022 |

GDOT-523 (07/17)    [Printed: 4/11/2022 | 8478928]    *MAIL TO: Georgia Department of Transportation, CRASH REPORTING UNIT, 935 United Ave, SE, Atlanta, GA 30316-2590*

IN THE PROBATE COURT OF <u>FULTON</u> COUNTY
STATE OF GEORGIA

IN RE: ESTATE OF                    )
                                    )
<u>Edward Stephens,</u>             )        ESTATE NO.  <u>PC-2022-002742</u>
DECEASED                            )

LETTERS OF ADMINISTRATION
(Bond, Inventory and Returns Required)

At a regular term of Probate Court, this Court granted an order allowing <u>**DeAndrea Lafay**</u> <u>**Stephens**</u> to qualify as Administrator(s) of the above-named Decedent, who was domiciled in this County at the time of his or her death or was domiciled in another state but owned property in this County at the time of his or her death, and that upon so doing, Letters of Administration be issued to such Personal Representative(s).

THEREFORE, the said Administrator(s), having taken the oath of office and complied with all necessary prerequisites of the law, is/are legally authorized to discharge all the duties and exercise all powers of Personal Representatives(s), according to Georgia law.

IN TESTIMONY WHEREOF, I have hereunto affixed my signature as Judge of the Probate Court of said County and the seal of this office this <u>21st</u> day of <u>September</u>, 20<u>22</u>.


Kenya M. Johnson
Judge of the Fulton County Probate Court

NOTE: The following must be signed if the Judge
does not sign the original of this document:

Issued by:

Clerk of the Probate Court

Court Docketing Code <u>A11</u>

(Seal)

Recorded in Letters of Administration Book <u>080</u>  Page <u>247</u>

(SEE INSTRUCTIONS)

GPCSF 3                                                              Eff. July 2016

PRESS FIRMLY TO SEAL

7020 1290 0000 8514 4881

**UNITED STATES POSTAL SERVICE** ®

PRIORITY® MAIL

JAN 2 4 2023

- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions apply).*
- USPS Tracking© included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

From: Daniel F. Castro, Esq.
Castro Law
5 Concourse Parkway
Suite 2225
Atlanta, GA 30328

TO:

Ms. Tiffany Davis
**Allstate Property and Casualty Insurance Company**
P.O. Box 660636
Dallas, TX 75266

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

**TRACKED ■ INSURED**

To schedule free Package Pickup, scan the QR code.

PS00001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2

USPS.COM/PICKUP

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuse may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.

